# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

DENNIS TYRONE JOHNSON, AKA Big
Den,
            *Defendant-Appellant.*

No. 09-50292

D.C. No.
2:08-cr-00897-PA-1

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
October 5, 2010—Pasadena, California

Filed November 29, 2010

Before: Raymond C. Fisher and Jay S. Bybee,
Circuit Judges, and Lyle E. Strom, District Judge.*

Opinion by Judge Strom

---

*The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

18855

**COUNSEL**

Alissa Sawano Peterson, Irvine, California, for the appellant.

Andre Birotte Jr., United States Attorney, Christine C. Ewell, Assistant United States Attorney, and Christopher K. Pelham

(argued), Assistant United States Attorney, Los Angeles, California, for the appellee.

## OPINION

STROM, District Judge:

Dennis Tyrone Johnson ("Johnson") pled guilty under a plea agreement to one count of knowingly and intentionally distributing at least 50 grams of a mixture containing cocaine base (i.e., crack cocaine), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). His plea agreement included a waiver of his right to appeal any sentence imposed. His sentencing guidelines range was 57-71 months, but the district court imposed a sentence of 10 years (120 months). His sentence also included a five-year term of supervised release with specific conditions. Johnson appeals his sentence. We affirm in part, vacate in part and remand.

## I.   BACKGROUND

Johnson's plea agreement contained the following relevant language: "Defendant gives up the right to appeal *any* sentence imposed by the [c]ourt, and the manner in which the sentence is determined, *provided that the sentence is constitutional*." (emphasis added). At Johnson's plea hearing, Johnson pled guilty to count I of the indictment under the terms of the agreement. Before accepting Johnson's plea, the district court determined Johnson was (1) "fully informed of his rights," (2) in command of his facilities as asserted by his counsel, and (3) not under the influence of medication, drugs or alcohol. The court also confirmed three essential facts: (1) Johnson had "read the plea agreement and discussed all of its terms with [his] lawyer;" (2) Johnson had "sign[ed] [the] agreement" and "underst[ood] the plea agreement and all of its terms;" and (3) Johnson did not "need any additional time to discuss any aspect of the plea agreement with [his counsel]."

The court explained to Johnson his plea was subject to a waiver of appeal. Government counsel subsequently read the waiver language out loud to Johnson, and then the following conversation took place between the court and Johnson:

THE COURT: Sir, do you understand that by entering into this agreement and pleading guilty you've agreed to give up your right to appeal any sentence you receive in accordance with the terms of this agreement?

JOHNSON: Yes.

THE COURT: Did you discuss waiving your right to appeal with your lawyer?

JOHNSON: Yes.

THE COURT: And based on that conversation, having considered the matter, do you wish to give up your right to appeal on the terms and conditions set forth in the plea agreement?

JOHNSON: No.

THE COURT: Okay. Why don't we try that again. Okay. As part of this plea agreement there are certain conditions that he just recited that you've agreed to waive that pertain to your right to appeal. Do you understand that?

JOHNSON: Yes.

THE COURT: Okay. Now, do you still wish to go forward with the plea agreement and agree to waive your right to appeal on the terms and conditions set forth in the plea agreement?

JOHNSON: Yes.

The district court accepted Johnson's guilty plea, finding that Johnson "ha[d] entered his plea freely and voluntarily with a full understanding of the charge against him and the consequences of the plea . . . [and that Johnson understood] his constitutional and statutory rights and wishe[d] to waive them."

At the final sentencing hearing, the court sentenced Johnson to 120 months imprisonment followed by a five-year term of supervised release.

## II.   STANDARD OF REVIEW

Because Johnson failed to object during his plea colloquy that his waiver of appeal was not made knowingly and voluntarily, he must show plain error. *United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002). An error is plain when there is an "(1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Randall*, 162 F.3d 557, 561 (9th Cir. 1998) (citing *United States v. Olano*, 507 U.S. 725, 732-36 (1993)).

We apply "the rational basis standard of review to equal protection challenges to the Sentencing Guidelines based on a comparison of allegedly disparate sentences." *United States v. Ellsworth*, 456 F.3d 1146, 1149 (9th Cir. 2006).

As Johnson also failed to object to his conditions of supervised release in the proceedings below, we review his conditions for plain error. *See United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003).

## III.  DISCUSSION

*A.   The District Court Properly Determined Johnson Understood The Terms Of His Plea Agreement And Waived His Right To Appeal His Sentence*

**[1]** Johnson contends the provision within his plea agreement waiving his right to appeal his sentence should be considered invalid pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Specifically, Johnson argues the district court did not personally address him about the terms of the waiver and properly ascertain whether he understood those terms. Rule 11(b)(1) provides in pertinent part:

> Before the court accepts a plea of guilty . . . the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands . . . (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1).

**[2]** Although Johnson may have been initially (1) confused by the terms of his plea agreement or (2) confused by a specific question directed to him by the court, neither constitutes plain error. The district court "took pains to repeat" its questions and explanations to clear any confusion Johnson may have had. *United States v. Aguilar-Muniz*, 156 F.3d 974, 977 (9th Cir. 1998). Moreover, even if Johnson's alleged confusion did constitute Rule 11 error, it was not "plain error" because the record shows (1) Johnson had read his plea agreement, (2) reviewed it with his counsel, (3) signed the plea agreement and acknowledged his consent and understanding to the waiver of appeal, and (4) testified, confirmed by his counsel, that he was competent to participate in the plea hearing. *See Ma*, 290 F.3d at 1005

**[3]** Under *Ma*, such abundant evidence in the record acts to cure any Rule 11 error that may have existed. 290 F.3d at 1005. Thus, the provision within Johnson's plea agreement waiving his right to appeal is valid, and no Rule 11 error exists.

*B.   Johnson Waived His Right To Appeal His Non-Constitutional Claims Concerning His Sentence*

Johnson appeals both his sentence and the conditions of his supervised release. Johnson has validly agreed to "give[ ] up the right to appeal *any* sentence imposed by the Court, and the manner in which the sentence is determined, *provided that the sentence is constitutional*." Emphasis added. Thus, the non-constitutional claims of the remainder of Johnson's appeal are dismissed.

*C.   Johnson's Equal Protection Claim Is Foreclosed*

Johnson contends the district court imposed a sentence that violated his rights under the Equal Protection Clause of the Fifth Amendment to the Constitution. We have held, however, that "Congress's decision to punish the sale of crack more severely than the sale of powder cocaine was based on a broad and legitimate basis." *United States v. Harding*, 971 F.2d 410, 413 (9th Cir. 1992); *accord United States v. Dumas*, 64 F.3d 1427, 1431-32 (9th Cir. 1995). Johnson's argument is therefore foreclosed.

*D.   The District Court Plainly Erred When It Imposed A Condition Of Supervised Release That Was Not Within Constitutional Bounds*

At sentencing, the district court imposed the following condition of supervised release:

   The defendant may not associate with anyone known
   to him to be a Rollin' 30's gang member or persons

associated with the Rollin' 30's gang, with the exception of his family members. He may not knowingly wear, display, use or possess any Rollin' 30's gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing, which evidences affiliation with the Rollin' 30's gang, and may not knowingly display any Rollin' 30's signs or gestures.

Johnson challenges two aspects of this release condition: (1) the prohibition on associating with "persons associated with the Rollin' 30's gang" and (2) the restriction on wearing clothing evidencing an affiliation with the Rollin' 30's gang. With respect to both challenges, Johnson contends that the conditions are vague and overly broad, in violation of due process and the First Amendment. We agree with Johnson's first contention but reject his second.

[4] "A district court may impose discretionary conditions of supervised release listed in 18 U.S.C. § 3563(b), as well as 'any other condition it considers to be appropriate.'" *United States v. Ross*, 476 F.3d 719, 721 (9th Cir. 2007) (quoting 18 U.S.C. § 3583(d)). "The discretion is broad, but special conditions must be 'reasonably related' to the goals of deterrence, protection of the public, and rehabilitation of the offender." *Ross*, 476 F.3d at 721 (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)). "And conditions cannot involve any 'greater deprivation of liberty than is reasonably necessary for the purposes' of supervised release." *Ross*, 476 F.3d at 721 (quoting 18 U.S.C. § 3583(d)(2)).

[5] In particular, as relevant here, a district court may impose special conditions of supervised release that are designed to prevent a defendant's reversion into a former crime-inducing lifestyle, or bar affiliation with former associates. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991); *see also Ross*, 476 F.3d at 721-22 (collecting cases). Due process, however, prohibits setting a condition

that "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004) (quoting *United States v. Loy*, 237 F.3d 251, 262 (3d Cir. 2001)). And "restrictions infringing upon fundamental rights are 'reviewed carefully.' " *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (per curiam) (quoting *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988)). A restriction on a defendant's right to free association is invalid unless it: "(1) 'is reasonably related to' the goals of deterrence, protection of the public, and/or defendant rehabilitation; (2) 'involves no greater deprivation of liberty than is reasonably necessary' to achieve these goals; and (3) 'is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).' " *Soltero*, 510 F.3d at 886 (quoting 18 U.S.C. § 3583(d)).

**[6]** First, Johnson's challenge to the restriction on wearing or displaying gang insignia is foreclosed by precedent. In *Soltero*, we upheld a supervised release condition prohibiting the defendant from wearing, displaying, using or possessing "any insignia, emblem, button, badge, cap, hat, scarf, bandana, jewelry, paraphernalia, or any article of clothing which may connote affiliation with, or membership in the Delhi gang." 510 F.3d at 865. We held this condition was within the court's discretion because it specifically referenced the Delhi gang, and the district court was entitled to presume the defendant — who had admitted to being a member of the gang — was familiar with the gang's paraphernalia. *See id.* at 866. The release condition here, which proscribes wearing clothing that "evidences affiliation" with the Rollin' 30's gang, is comparable to the condition in *Soltero*. The district court thus acted within its discretion by imposing it.

**[7]** Second, the prohibition on associating with persons associated with the Rollin' 30's gang "crosses the line," however. *Id.* at 867. We have upheld supervised release conditions

that preclude association with gang members. *See, e.g.,* *United States v. Vega*, 545 F.3d 743, 749-50 (9th Cir. 2008) (upholding a release condition prohibiting the defendant from associating "with any member of any criminal street gang as directed by the Probation Officer, specifically, any member of the Harpys street gang"); *Soltero*, 510 F.3d at 866-67 (upholding a condition forbidding the defendant from associating "with any known member of any criminal street gang . . . , specifically, any known member of the Delhi street gang").

**[8]** There is a considerable difference, however, between forbidding a defendant from associating with gang members and precluding him from associating with *persons who associate with* gang members. The latter proscription is impermissibly vague and entails a deprivation of liberty that is greater than necessary to achieve the goal of preventing Johnson from reverting to his previous criminal lifestyle. As Johnson points out, this condition sweeps too broadly because it encompasses not only those who are involved in the gang's criminal activities, but also those who may have only a social connection to an individual gang member. The provision could forbid Johnson from associating with, for example, the mother or father, sister or brother, aunt or uncle, employer, minister or friend of a Rollin' 30's gang member. It could even preclude Johnson from meeting with his probation officer. As we said in *Soltero*, "[i]t is not immediately apparent to us — and the government makes no effort to explain — how prohibiting [the defendant] from associating with [those persons] is 'reasonably related' to a permissible goal of supervised release." *Soltero*, 510 F.3d at 867; *see also Terrigno*, 838 F.2d at 374 ("[I]f conditions are drawn so broadly that they unnecessarily restrict otherwise lawful activities they are impermissible."); *see also United States v. Napulou*, 593 F.3d 1041, 1045 (9th Cir. 2010) ("When we have upheld such restrictions, the barred activity bore a reasonable relationship to the risk that the defendant would return to his criminal behavior.").

**[9]** We do not foreclose the possibility that on remand the district court can craft alternative language that achieves the legitimate purposes of supervised release without sweeping too broadly. The district court may have concluded that the prohibition on associating with "anyone known to him to be a Rollin' 30's gang member" was too narrow to prevent Johnson from associating with persons affiliated with the gang, or to prevent Johnson from reverting to criminal activity. There may be persons who, although they are involved in a gang's criminal activities, are not "members" of the gang in a formal sense, and the district court may permissibly forbid Johnson from associating with such persons. The condition as written, however, is overly broad and impermissibly vague.

## IV.  CONCLUSION

**[10]** We hold that imposition of the supervised release condition forbidding association with persons associated with the Rollin' 30's gang was plain error. We accordingly vacate that portion of Johnson's sentence and remand to the district court to consider whether substitute language would be appropriate. We otherwise affirm.

**AFFIRMED IN PART, VACATED IN PART and REMANDED.**