NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

FELICIANO ROJAS-VIVAR,

        Defendant - Appellant.

No. 09-10439

D.C. No. 2:07-cr-01388-FJM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted March 14, 2011[**]
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

    Pursuant to a plea agreement, Feliciano Gilberto Rojas-Vivar pled guilty to

three counts of harboring illegal aliens for profit in violation of 8 U.S.C. §§

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

1324(a)(1)(A)(iii) and (a)(1)(B)(i). Pursuant to the appeal waiver in the plea agreement, we dismiss his appeal.

Rojas-Vivar recognizes that his "waiver[] of appeal must stand or fall with the agreement of which [it is] a part. If the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored." *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999) (quotation omitted). To determine whether Rojas-Vivar's guilty plea and, by extension, his plea agreement were knowing and voluntary, we look to the Rule 11 plea colloquy. *See United States v. Jeronimo*, 398 F.3d 1149, 1157 n.5 (9th Cir. 2005) *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Because Rojas-Vivar did not object to the plea colloquy before the District Court, we review only for plain error. *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008). Under that standard, Rojas-Vivar "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The defects that Rojas-Vivar asserts exist in the plea colloquy do not meet the plain error standard. During the colloquy, the magistrate judge informed Rojas-Vivar "if you did not plead guilty here today but wanted to go to trial, you would have the right to a jury trial . . . . And you could not be convicted of these

2

crimes unless all 12 of those jurors were first convinced of your guilt." The

magistrate judge further advised Rojas-Vivar:

> You would also have the right at your trial to have the government witnesses come to court, testify against you in your presence under oath, and then be cross-examined by your attorney. After this, you would have the right to present your own case, call your own witness and use the subpoena power of the Court to compel your witnesses to appear.

Rojas-Vivar indicated that he understood. The magistrate judge also explained to

Rojas-Vivar that, at trial, he would be entitled to a presumption of innocence,

which could only be rebutted by proof beyond a reasonable doubt. The magistrate

judge thus in essence explained to Rojas-Vivar his rights to plead not guilty, to

testify and to present evidence. The deviations from the exact language of Rule 11

do not meet the plain error standard.

Rojas-Vivar also contends that the magistrate judge failed to ensure he

understood "the court's obligation to calculate the applicable sentencing-guideline

range and to consider that range, possible departures under the Sentencing

Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R.

Crim. P. 11(b)(1)(M). Rojas-Vivar's objection is that the District Court sentenced

him to an additional five years (on top of the minimum sentence of ten years to

which the parties stipulated in the plea agreement) in large part due to conduct

3

underlying the offenses to which Rojas-Vivar pled guilty. Rojas-Vivar contends he would not have entered the plea agreement if he knew this conduct could have been considered in sentencing.

But the magistrate judge explained to Rojas-Vivar:

> So the way I read it then is the least amount of time you could receive, sir, based upon these agreements, is ten years. And if Judge Martone were to give you the maximum sentence on each count, the maximum you would be facing is 30 years. So somewhere between 10 and 30 years.
> Do you understand that, sir?

Rojas-Vivar answered in the affirmative. The magistrate judge also confirmed that Rojas-Vivar was familiar with the United States Sentencing Guidelines and cautioned him that the Guidelines are only advisory and so the district judge is "free to reject them and impose any reasonable sentence up to the maximum that I just described to you." Rojas-Vivar was therefore aware of the maximum sentence he faced and of the overall nature and role of the Sentencing Guidelines. Moreover, the presentence report described Rojas-Vivar's underlying conduct and recommended upward departures on the basis of that conduct. After the presentence report had been prepared (and read in Spanish to Rojas-Vivar), the district judge offered Rojas-Vivar the opportunity to withdraw his guilty plea. He nonetheless proceeded with the plea. Under these circumstances, even if there was

4

a defect in the magistrate judge's discussion of sentencing procedures, it did not affect Rojas-Vivar's substantial rights.

Rojas-Vivar's contention that the magistrate judge failed to inform him of the terms of the waiver of his rights to appeal and to collaterally attack his sentence lacks merit. There was no plain error in the magistrate judge's explanation of the waiver. *Cf. United States v. Johnson*, 626 F.3d 1085, 1089 (9th Cir. 2010).

Finally, we find no merit in Rojas-Vivar's contention that "suspect circumstances" suggest that he did not knowingly and voluntarily enter his plea agreement. Rojas Vivar was allowed to withdraw his plea agreement; the District Court did not engage in plea negotiations within the meaning of Fed. R. Crim. P. 11(c)(1); and the District Court expressly did not sentence Rojas-Vivar on the basis of the alleged sexual assault. Finally, whether Rojas-Vivar understood the term "consecutive sentence" as used in his plea agreement is irrelevant, because he understood that he might be sentenced to thirty years' incarceration.

Because we conclude there was no plain error in the Rule 11 plea colloquy and that Rojas-Vivar entered his plea agreement knowingly and voluntarily, we **DISMISS** Rojas-Vivar's appeal pursuant to the terms of his plea agreement.

5