UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ROSS CHARLES HACK,<br><br>Defendant - Appellant. | No. 09-50651<br><br>D.C. No. 2:08-cr-00344-DDP-1<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: KLEINFELD, LUCERO,* and GRABER, Circuit Judges.


The petition for rehearing is GRANTED in part and DENIED in part. The

memorandum disposition filed on February 16, 2011 is amended. The amended

memorandum disposition will be filed concurrently with this order. Subsequent

petitions for rehearing and petitions for rehearing en banc may be filed.

_____

\*      The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit,
sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50651 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00344-DDP-1 |
| v. | AMENDED |
| ROSS CHARLES HACK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 14, 2011[**]
Pasadena, California

Before: KLEINFELD, LUCERO[***], and GRABER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

The district court did not commit procedural error in imposing its sentence; it calculated the appropriate Guidelines range, explained why it decided to deviate from the Guidelines range, and gave the parties an opportunity to discuss the proposed sentence before finalizing it. Gall v. United States, 552 U.S. 38, 51 (2007).

The sentence imposed was substantively reasonable, and the district court did not abuse its discretion in assessing a 36-month imprisonment term. The district court looked at all of the § 3553(a) factors, but put the most weight on the first factor, the nature and circumstances of the offense. The district judge found by clear and convincing evidence that Hack's motive for committing the passport fraud was to evade the police murder investigation. This finding is supported by substantial evidence in the record. Thus, the district court did not abuse its discretion. United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (per curiam).

Nor did the district court violate Federal Rule of Criminal Procedure 32 or due process. Hack waived his objections to the Presentence Investigation Report by not filing timely and specific objections within 14 days, Fed. R. Crim. P. 32(f)(1), and he failed to provide countervailing evidence to create any specific

2

disputes regarding the accuracy of the evidence.  United States v. Stoterau, 524 F.3d 988, 1011–12 (9th Cir. 2008).  For the same reason, it was not an abuse of discretion by the district court to choose not to hold an evidentiary hearing; Hack was given the opportunity to rebut the Presentence Investigation Report both in writing and at sentencing, so no separate evidentiary hearing was required.  United States v. Berry, 258 F.3d 971, 976 (9th Cir. 2001).

The sentence was supported by reliable evidence, and, therefore, did not violate Hack's due process rights.  United States v. Petty, 982 F.2d 1365, 1369 (9th Cir. 1993); see also United States v. Huckins, 53 F.3d 276, 279 (9th Cir. 1995).

In light of United States v. Johnson, 626 F.3d 1085, 1091 (9th Cir. 2010), the condition of supervised release prohibiting Hack from associating with "persons associated with the Hammerskin, Christian Identity Skins, or any other skinhead gang, with the exception of his family members" was error.  As in Johnson, we remand this portion of the supervised release conditions so that the district court may "consider whether substitute language would be appropriate." Id.

3

The other terms and conditions of Hack's supervised release are not vague or overbroad, do not deprive him of more liberty than necessary, and are directly grounded in the goals of § 3553(a).  See United States v. Vega, 545 F.3d 743, 749 (9th Cir. 2008); United States v. Soltero, 510 F.3d 858, 866–67 (9th Cir. 2007) (per curiam).

AFFIRMED in part, and REMANDED in part.