MEMORANDUM **
Victor Manuel Palma, a federal prisoner who entered a guilty plea (without a plea agreement) to five counts of narcotics charges, appeals two aspects of his 87-month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.
Palma first challenges the calculation of the quantity of narcotics used to determine that his base offense level was 34 under the sentencing guidelines.
We agree that only two of the three ounces of methamphetamine delivered on August 13, 2008 should have been included in the calculation. The objective evidence (namely, payment for the negotiated amount of two ounces) corroborated Palma’s intent to deliver only two ounces. USSG § 2D1.1, comment. (n12) (2008). Under Application Note 12, “the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense.” Id. (emphasis added). Here, the parties agreed to two ounces, Palma intended to deliver two ounces, the confidential informant agreed to deliver a certain number of cases of counterfeit cigarettes in exchange for two ounces, and the agent marked the evidence bag as containing two ounces. Neither Palma nor the government informant knew that the package delivered by the supplier weighed three ounces. These unique and uncontradicted facts establish that Palma’s sentence should be calculated by using the agreed-upon amount of two ounces.
Any error in counting the extra ounce was counter-balanced by a separate error — one that benefited Palma. The presentence report erroneously omitted from its calculation the one ounce of methamphetamine that Palma delivered on October 2, 2008. The October transaction is described in the factual section of the pre-sentence report but that amount (slightly less than one ounce) was not included in the calculation section. The government brought this error to the attention of the district court and argued that, even if the court sustained Palma’s objection to the August transaction, it would not change *59 the base level.[1] United States v. Sanchez, 908 F.2d 1448, 1447 (9th Cir.1990). If we were to remand with instructions to deduct one ounce from the August transaction, the district court would be permitted to correct the other error by adding the ounce involved in the October transaction. United States v. Garcia-Guizar, 284 F.3d 483, 489-91 (9th Cir.2000).
Therefore, we agree with the district court’s ultimate conclusion that the errors in calculating the quantity of methamphetamine would not change Palma’s base offense level or his sentence. United States v. Crawford, 185 F.3d 1024, 1029 (9th Cir.1999).
Palma also challenges the conditions of supervised release concerning his association with the Florencia 13 (“F13”) street gang.
Both parties agree that pursuant to our recent decision, United States v. Johnson, 626 F.3d 1085, 1091 (9th Cir.2010), we must reverse and remand with instructions to strike the language in condition 2 that Palma may not associate with “persons associated with the F13 gang.”
By contrast, we uphold the condition barring Palma from wearing, displaying, using, or possessing any clothing or other items that evidences affiliation with the F13 gang. Id. at 1090-91. We also affirm the condition prohibiting Palma from being “present in any other area known to him to be a location where F13 gang members meet or assemble.” United States v. Soltero, 510 F.3d 858, 865-67 & n. 9 (9th Cir.2007).
AFFIRMED IN PART and REVERSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The presentence report also erred when it converted one ounce to 28.50 grams. The correct conversion is 28.35 grams. This mathematical error is harmless because it did not impact the guidelines range.