**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50350 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00632-R |
| v. | |
| RAUL MELENDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Raul Melendez appeals from the 24-month sentence imposed following the

revocation of supervised release, and new conditions of supervised release imposed

upon revocation.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and

remand for resentencing.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Melendez contends, and the government agrees, that the case must be remanded for resentencing because the district court failed to discuss the applicable Guidelines range, and did not provide an adequate explanation for the sentence imposed. We agree that the plain error test is met here because the district court failed to properly calculate the Guidelines range, failed to provide an adequate explanation for its decision to impose a sentence that was above the Guidelines range, and failed to accurately and appropriately discuss the relevant factors under 18 U.S.C. §§ 3553(a) and 3583(e). *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc); *United States v. Hammons*, 558 F.3d 1100, 1104-06 (9th Cir. 2009). We therefore vacate the sentence, and remand for resentencing to allow the district court to calculate the applicable Guidelines range, and provide an adequate explanation for its sentence. We further instruct the district court that any gang-related conditions of supervised release imposed on remand comply with this court's precedent. *See United States v. Soltero*, 510 F.3d 858, 865-67 (9th Cir. 2007) (per curiam); *United States v. Johnson*, 626 F.3d 1085, 1091 (9th Cir. 2010).

Melendez's request to have the case reassigned to a different judge on remand is denied. *See United States v. Waknine*, 543 F.3d 546, 559-60 (9th Cir. 2008).

**VACATED and REMANDED for RESENTENCING.**

10-50350