**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50512 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01079-DSF-16 |
| v. | |
| CARLOS RODRIGUEZ, AKA Face, AKA Seal P, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 3, 2014
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and BENNETT, District Judge.[***]

A jury convicted appellant Carlos Rodriguez of conspiracy to distribute at

least five-hundred grams of methamphetamine mixture or at least fifty grams of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

pure methamphetamine. <u>See</u> 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii).

After we reversed the jury's methamphetamine quantity finding, <u>United States v. Maciel</u>, 461 Fed. App'x 610, 615–16 (9th Cir. 2011), the district court made the quantity determination anew and found Rodriguez responsible for approximately seventy grams of methamphetamine mixture with a purity of forty-two percent. That finding put Rodriguez at base offense level twenty-eight and a Sentencing Guidelines range of 140 to 175 months. Taking into account Rodriguez's criminal history and the danger he posed to the community, the district court sentenced Rodriguez to 188 months.

Rodriguez now asks us (1) to vacate and remand his sentence because the district court's quantity determination was clearly erroneous, and (2) to strike the condition of his supervised release forbidding him from associating with "persons associated with the F-13 gang" as unconstitutionally vague. We affirm Rodriguez's sentence, but remand to the district court to strike the clause "or persons associated with the F-13 gang" from Rodriguez's conditions of supervised release.

The government concedes that the clause "or persons associated with the F-13 gang" in Rodriguez's conditions of supervised release is unconstitutionally

vague.  See United States v. Johnson, 626 F.3d 1085, 1091 (9th Cir. 2010).  On remand, the district court shall revise condition nine accordingly.

We conclude that the district court's thoughtful and careful use of comparator evidence seized from Rodriguez's suppliers to calculate the purity and thus the quantity of the methamphetamine involved in the conspiracy possessed "sufficient indicia of reliability to support its probable accuracy."  United States v. Forrester, 616 F.3d 929, 949 (9th Cir. 2010); accord United States v. Lopes-Montes, 165 F.3d 730, 731–32 (9th Cir. 1998).  Moreover, the district court exercised appropriate caution and gave the defendant the benefit of the doubt in using forty-two percent purity instead of ninety-eight percent -- as urged by the government -- as a starting point.  See id.

**AFFIRMED in part and REMANDED for further proceedings.**