**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50236 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00862-PSG |
| v. | |
| WAHID SHABAZZ, a.k.a. Bryron McGee, Sr., a.k.a. Quick, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted November 18, 2014**

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Wahid Shabazz appeals from the district court's judgment and challenges his

guilty-plea conviction and 60-month sentence for distribution of cocaine base in

the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Shabazz's counsel has filed

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Shabazz has filed a pro se supplemental brief, and the government has moved to dismiss.

Shabazz waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Shabazz's plea or as to the validity of the waiver; therefore, we affirm as to the voluntariness issue and otherwise dismiss Shabazz's challenge to his conviction, *see United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

Shabazz also waived the right to appeal his sentence if the sentence imposed was 60 months. Because there is no arguable issue as to the validity of the sentencing waiver, *see id.*, we dismiss Shabazz's appeal of his sentence except with respect to a special condition of supervised release. The portion of special condition 10 prohibiting Shabazz from associating with "persons associated with the 'Pasadena Denver Lanes' gang" is unconstitutional, *see United States v. Johnson*, 626 F.3d 1085, 1091 (9th Cir. 2010), and a challenge to the constitutionality of that condition is not subject to waiver, *see United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). We, accordingly, vacate that portion of

the judgment and remand to the district court for the limited purpose of considering whether substitute language would be appropriate. *See Johnson*, 626 F.3d at 1091. On remand, the district court shall also delete the language in the judgment indicating that Shabazz was convicted of "possession with the intent to distribute" cocaine base.

Counsel's motion to withdraw is **GRANTED.**

All other pending motions are denied.

**AFFIRMED in part; DISMISSED in part; VACATED and REMANDED in part.**