**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 07 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10179 |
| Plaintiff-Appellee, | D.C. No.<br>3:15-cr-00092-THE-1 |
| v. | |
| LEE FARLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Argued and Submitted April 20, 2017
San Francisco, California

Before:  PAEZ and IKUTA, Circuit Judges, and FABER,** District Judge.

On November 16, 2016, Farley pled guilty to two counts: (1) felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and (2) possession of a stolen firearm, 18 U.S.C. § 922(j).  The district court sentenced Farley to 76 months in

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

prison, and upon release from prison, a term of three years of supervised release. Farley challenges his prison sentence as both procedurally and substantively unreasonable. He also challenges three special conditions of his supervised release on a host of different grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review sentencing decisions for abuse of discretion. S*ee, e.g.*, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). For the reasons discussed below, we affirm.

**1.** Farley first argues that Special Condition Four, which mandates that he provide his probation officer with certain financial documents, is neither reasonably related to his offense nor his history or characteristics. Farley's contention lacks merit as the condition relates to both his history and characteristics, including chronic unemployment as well as a history of drug and burglary charges. *See United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003) ("[A] condition of supervised release need not relate to the offense as long as the condition satisfies the goal of deterrence, protection of the public, or rehabilitation."). As a result, the district court did not abuse its discretion in imposing Special Condition Four.

**2.** Farley next argues that Special Condition Ten, which limits his ability to enter a certain geographical area of San Francisco, is not reasonably related to his

offense or his history and characteristics. Again, Farley's argument is unavailing as Farley has a history of committing crimes in and around the restricted area. As with Special Condition Four, the district court did not abuse its discretion in imposing Special Condition Ten because it furthers the goals of deterrence, protection of the public, and rehabilitation. *See, e.g.*, *United States v. Watson*, 582 F.3d 974, 983 (9th Cir. 2009).

**3.** Farley next challenges the imposition of Special Condition Eight, which limits his ability to associate with gang members, as well as to wear certain clothing and colors, on four grounds. We address each in turn.

First, when "a particularly significant liberty interest is at stake, the district court must follow additional procedures and make special findings" in order to justify imposing such a condition of supervised release. *United States v. Stoterau,* 524 F.3d 988, 1005 (9th Cir. 2008). Farley argues that the district court erred in failing to provide additional procedural protections because Special Condition Eight implicates a "particularly significant liberty interest" by restricting his ability to associate with his brothers who are gang members. Farley failed to make this objection at his sentencing hearing, and it is therefore subject to plain error review. *See United States v. Johnson*, 626 F.3d 1085, 1088-89 (9th Cir. 2010). Even assuming that siblings could qualify for an intimate relationship under our

3

precedent as set forth in *United States v. Napulou*, 593 F.3d 1041 (9th Cir. 2010), Farley's failure to object or present any evidence to that effect means that the district court's failure to consider that relationship does not rise to the level of plain error.

Second, Farley argues that several of the terms in Special Condition Eight violate his due process rights because they are overbroad. Specifically, he argues that the restrictions limiting his ability (1) to have any "connection whatsoever" with gang members, and (2) to be "in the company of [gang members] or wearing the clothing, colors or insignia" of any gang are overbroad. We need not address these arguments because, consistent with our precedent, we construe these broad terms in Special Condition Eight to include a "knowing element." *See, e.g.*, *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008) ("We construe [the condition] with well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*."). As a result, were the government to try and revoke Farley's supervised release for violating one of the terms in question, it would need to demonstrate that Farley knowingly was in contact with a gang member, or knowingly donned the color of a gang for the purpose of associating himself with the gang. *Id.*

Farley next argues that the last part of Special Condition Eight, which states that if Farley is "found to be in the company of such individuals [gang members] or wearing the[ir] clothing, colors, or insignia . . . the court will presume that the association was for the purpose of participating in gang activities," violates due process. Again, we need not address this issue, because we understand this provision to have no effect on the government's burden at a revocation hearing. In a supervised release revocation hearing, the government always must prove, by a preponderance of the evidence, that the defendant violated a condition of release. 18 U.S.C. § 3583(e)(3); *see also United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

Finally, Farley levies one more argument against Special Condition Eight—that it is substantively unreasonable and unsupported by the record. This argument fails because Special Condition Eight seeks to proscribe Farley's future involvement with gangs. *See, e.g.*, *United States v. Soltero*, 510 F.3d 858, 866-67 (9th Cir. 2007); *Vega*, 545 F.3d at 749-50. As a result, the district court did not abuse its discretion in imposing Special Condition Eight.

**4.** Farley's final argument is that his sentence is both procedurally and substantively unreasonable. He contends that the district court procedurally erred because it failed to consider the merits of Farley's argument that he was beginning

5

to make changes in his life, but did not have an adequate opportunity to do so given the short period of time that he was out of custody. However, the district court considered this argument and rejected it. In doing so, it did not abuse its discretion. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010); *United States v. Gutierrez–Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

Farley argues that his sentence was substantively unreasonable because the district court erroneously failed to consider the merits of his argument that he should receive a downward adjustment because he had already served time in state prison for the same underlying conduct. Again, the district court considered the argument and rejected it. In "review[ing] the totality of the circumstances and recogniz[ing] that the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case," *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010) (internal quotation marks and alterations omitted), the district court's 76-month sentence was not unreasonable.

**Affirmed.**