**NOT FOR PUBLICATION**

FILED

JUN 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50563 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:13-cr-04514-BEN-9 |
| RACHEL RUVALCABA-MORALES, aka Rachel Morales, aka Rachel Ruvalcaba, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 6, 2017[**]
Pasadena, California

Before: GRABER, SACK,[***] and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert D. Sack, United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation.

Defendant Rachel Ruvalcaba-Morales pleaded guilty to one RICO count and one count of conspiracy to distribute controlled substances. She appeals her below-Guidelines sentence, the fine imposed, and a condition of supervised release. Because the issues raised on appeal were not presented to the district court, we review for plain error. United States v. Herrera-Rivera, 832 F.3d 1166, 1172 (9th Cir. 2016); United States v. Miqbel, 444 F.3d 1173, 1176 (9th Cir. 2006); Fed. R. Crim. P. 52(b).

1. The district court did not plainly err by applying a two-level sentencing enhancement for importation of methamphetamine. Any error did not affect the outcome of the sentencing proceeding, Puckett v. United States, 556 U.S. 129, 135 (2009), because the court made clear that it based the selected sentence on factors independent of the Guidelines, Molina-Martinez v. United States, 136 S. Ct. 1338, 1346 (2016).

2. The district court did not plainly err in addressing Defendant's mitigation arguments at sentencing. Indeed, because the court listened to and addressed on the record the mitigation arguments that Defendant made, the court did not err at all.

3. The district court did not plainly err in imposing a $1,000 fine. From the court's explanation at sentencing, it is clear that the court considered the

Guidelines, the 18 U.S.C. § 3553(a) factors, and the fine-specific factors set forth in 18 U.S.C. § 3572(a). See United States v. Orlando, 553 F.3d 1235, 1239 (9th Cir. 2009) (noting requirement to consider all three sets of factors). And the court explained its decision sufficiently to allow for meaningful appellate review. Id. The reasons that the court gave were permissible, and the court did not have to list every factor. United States v. Hurtado, 760 F.3d 1065, 1069 (9th Cir. 2014).

4. Finally, the parties, and we, agree that one condition of supervised release is impermissibly vague and overbroad. The condition is that Defendant "shall not associate with any member, prospect, or associate of the Mexican Mafia gang or any other gang or club with a history of criminal activity." Two aspects of that condition are problematic under our precedents, United States v. Soltero, 510 F.3d 858 (9th Cir. 2007) (per curiam), and United States v. Johnson, 626 F.3d 1085 (9th Cir. 2010). The terms "club with a history of criminal activity" and "associat[ing] with any . . . prospect, or associate of the Mexican Mafia gang or any other gang or club with a history of criminal activity" do not adequately instruct the average person as to what is forbidden. (Emphasis added.) We therefore vacate this condition with instructions to enter a modified condition that Defendant "shall not associate with any known member of the Mexican Mafia gang or any other gang with a history of criminal activity."

**AFFIRMED in part; VACATED and REMANDED in part, with instructions.**