**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ENRIQUE CANDELARIO LOPEZ,<br><br>Defendant-Appellant. | No. 17-10164<br><br>D.C. No. 4:16-cr-00639-JGZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Enrique Candelario Lopez appeals from the district court's judgment and

challenges the 34-month concurrent sentences and two special conditions of

supervised release imposed following his guilty-plea convictions for being a felon

in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1)

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291. We affirm but remand for the district court to conform the written judgment to the oral pronouncement of the sentence.

Lopez first contends that the district court procedurally erred by failing to explain adequately its rejection of his mitigating arguments—namely, that he was not aware that the firearm he possessed had been stolen, that he disposed of the firearm, and that he did not possess any other firearms. Because Lopez raises this contention for the first time on appeal, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the district court considered Lopez's arguments, but concluded that they did not warrant a below-Guidelines sentence. The court did not plainly err by failing to provide a fuller explanation for the sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Lopez next contends that his sentence is substantively unreasonable in light of the same mitigating arguments. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Lopez's extensive criminal history. *See Gall*, 552 U.S. at 51.

Finally, Lopez challenges two special conditions of supervised release. At

17-10164

the sentencing hearing, the district court imposed a condition that Lopez "participate in a mental health program as directed by [his] probation officer." The written judgment contains the additional requirement that Lopez's participation in the program "may include taking prescribed medication." As the government concedes, the written judgment's recitation of Condition Three conflicts with the oral pronouncement. We thus remand to the district court to conform the judgment to the oral pronouncement. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

Because Lopez did not object during the sentencing hearing, we review for plain error his challenge to Condition Five, which prohibits Lopez from communicating or otherwise interacting with his ex-girlfriend without first obtaining his probation officer's permission. *See United States v. Johnson*, 626 F.3d 1085, 1088-89 (9th Cir. 2010). The presentence report, which the district court adopted without objection, explained that the condition was justified by Lopez's extensive history of domestic violence and recent police contact involving his ex-girlfriend.

**AFFIRMED; REMANDED to correct the judgment.**

17-10164