**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10193 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00220-JGZ-JR-1 |
| v. | |
| DAVID IGNACIO LOPEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted June 8, 2020**
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and SCHILTZ,*** District
Judge.

Defendant-Appellant David Ignacio Lopez appeals from the district court's

revocation of his supervised release and the imposition of an additional 60 months

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Patrick J. Schiltz, United States District Judge for the
District of Minnesota, sitting by designation.

of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez argues for the first time on appeal that the supervised release conditions imposed in his original sentence and in his revocation sentence prohibiting him from having contact with minors are unconstitutionally vague. We disagree, concluding that there was no error, let alone plain error. *United States v. Johnson*, 626 F.3d 1085, 1088–89 (9th Cir. 2010). We construe release conditions as not prohibiting unintentional conduct or incidental contacts. *See, e.g.*, *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008); *United States v. Napulou*, 593 F.3d 1041, 1045 (9th Cir. 2010). Thus, there was no error in imposing the no-contact conditions because a person of "common intelligence" would understand what they prohibit: knowingly being around or having contact with a minor that is more than incidental. *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010). Nor did the district court plainly err in failing to consider the effect of the no-contact conditions on Lopez's relationship with his brother because the conditions did not "target[]" Lopez's sibling relationship, *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012), and Lopez failed to show that they infringe his right to familial association.

Finally, Lopez contends that his sentence is procedurally unsound and substantively unreasonable. We conclude there was no procedural plain error, as described above. We also conclude the district court did not abuse its discretion

and impose a substantively unreasonable sentence. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). The record reveals that Lopez's sentence reasonably relates to the statutory goal the district court identified—protecting the public—given the underlying conviction and the nature of the supervised release violation. *See United States v. Rudd*, 662 F.3d 1257, 1261 (9th Cir. 2011); 18 U.S.C. § 3553(a).

**AFFIRMED.**