**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30236 |
| Plaintiff-Appellee, | |
| v. | D.C. No. CR-19-04-DWM |
| JUAN JOSE CAMARENA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
For the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted October 5, 2020
Seattle, Washington

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,[**] District Judge.

Defendant-Appellant Juan Jose Camarena appeals from a final judgment of the United States District Court for the District of Montana (Molloy, J.), imposing a special condition on his supervised release that prohibits "any contact with anyone

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

who belongs to or is affiliated with gangs or engaged in gang activity." We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Camarena argues that three aspects of the condition are impermissibly vague and overbroad, in violation of due process and the First Amendment: (1) the term "gangs," (2) the term "any contact," and (3) the term "affiliated." Because Camarena "failed to object to [this condition] of supervised release in the proceedings below, we review . . . for plain error." *United States v. Johnson*, 626 F.3d 1085, 1088–89 (9th Cir. 2010).[1]

1. Camarena argues that the condition is impermissibly vague and overbroad because the term "gang," which is "left undefined by the district court," could be read to include groups gathering for both legal and illegal ends. Camarena points to out-of-circuit precedent holding a similar condition unlawful, *see United States v. Washington*, 893 F.3d 1076, 1081 (8th Cir. 2018), but fails to identify any controlling authority on point. While we have struck down as impermissibly vague

---

[1] Camarena suggests that he "objected to the gang condition in his [Presentence Report] objection and in his sentencing memorandum." That is not so. While Camarena objected to portions of the Presentence Report that indicated that he had been affiliated with the MS 13 gang, he did not object to the Presentence Report's recommended condition that he "shall not have any contact with anyone affiliated with the MS 13 and/or Sureños gangs." Nor did he object to the district court's imposition of a modified version of that condition—even after the district court expressly gave him the chance to do so at sentencing. For that reason, too, we decline Camarena's request to apply the "pure question of law" exception to plain error review in this case.

2

a condition that banned contact with "disruptive groups," *United States v. Soltero*, 510 F.3d 858, 867 (9th Cir. 2007), that does not amount to the sort of controlling authority that would render the district court's imposition of the "gang" condition "clear or obvious" error.

2. Camarena also argues that the condition is overbroad because it forbids not just "contact" but "any contact," including incidental contact with individuals affiliated with gangs. However, courts routinely construe such conditions "consistent with well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*." *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008). Applying this presumption, the condition prohibits only knowing contact with those who belong to or are affiliated with gangs or engaged in gang activity. Its imposition, therefore, was not in error, much less plain error.

3. Finally, Camarena argues that the condition is impermissibly vague and overbroad because it is not clear "what constitutes someone who is 'affiliated' with a gang." We have suggested, however, that a district court may forbid a defendant from having contact "with persons affiliated with [a] gang," that is, persons who "are not 'members' of [a] gang in a formal sense" but who are still "involved in a gang's criminal activities." *Johnson*, 626 F.3d at 1091. Far from constituting plain error, then, this language finds approval in our precedent.

**AFFIRMED.**

3