NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50025 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00278-JLS-1 |
| v. | |
| TERRANCE MARTEL SODA, AKA Kosher, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted August 4, 2022[**]
Pasadena, California

Before: CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,[***] District Judge.

Terrance Soda ("Soda") appeals the district court's revocation of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

supervised release and imposition of a term of two months' imprisonment and ten years' supervised release under modified conditions pursuant to 18 U.S.C. § 3583. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm in part and vacate and remand in part.

1.      Soda first challenges the district court's imposition of four special conditions of supervised release (Special Conditions Nos. 11, 12, 13 and 14), referred to as the "gang conditions," as substantively unreasonable. We review the substantive reasonableness of a condition of supervised release for abuse of discretion, giving "considerable deference" to a district court's determination of the appropriate supervised release conditions, recognizing that a district court has at its disposal "all of the evidence, its own impressions of a defendant, and wide latitude." *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009) (quoting *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008)). Substantive reasonableness requires that the condition is "reasonably related to the goal[s] of deterrence, protection of the public, or rehabilitation of the offender" and that the condition not "infringe[] more on the offender's liberty than is reasonably necessary to accomplish these statutory goals." *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (first alteration in original) (citations omitted); 18 U.S.C. § 3583(d)(2)).

Under *United States v. Evans*, 883 F.3d 1154, 1161 (9th Cir. 2018), a condition need not relate to a defendant's current or prior offenses as long as it serves the statutory goals of sentencing. At the revocation hearing, Soda's probation officer described two documents in Bureau of Prison ("BOP") records that indicate Soda's association with the Bloods beginning in 2012 and continuing through his incarceration.[1] The district court found a "rational relationship" between the gang conditions and the information provided by Soda's probation officer because the conditions were there to "help Mr. Soda." At the very least, the gang conditions serve the statutory goals of deterring criminal conduct and protecting the public from further crimes of the defendant. 18 U.S.C. §§ 3583(d), 3553(a)(2). "Probation conditions may seek to prevent reversion into a former crime-inducing lifestyle by barring contact with old haunts and associates, even though the activities may be legal." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991). Soda has failed to show an abuse of discretion.

2. Soda next argues that each of the gang conditions is either impermissibly vague, or overbroad, or both. We review this claim de novo. *Watson*, 582 F.3d at 981. Our precedents confirm that Special Conditions Nos. 12,

---

[1] Soda contends that these documents are not part of the record, and therefore should not be considered. We need not decide that issue because the district court reasonably relied upon representations by Soda's probation officer at the hearing as to the information contained in the documents she obtained from BOP.

3

13, and 11 are neither vague nor overbroad.

Special Condition No. 12 provides that Soda must not wear, display, use, or possess various items "that are known to represent gang affiliation, association with or membership in the Bloods criminal street gang or any other criminal street gang, unless given permission by the probation officer."  We upheld nearly identical conditions in *United States v. Soltero*, 510 F.3d 858, 867 (9th Cir. 2009) (per curiam), and *United States v. Johnson*, 626 F.3d 1085, 1090–91 (9th Cir. 2010).  Application of the condition to the Bloods and "any other criminal street gang" does not make it fatally vague or broad because the condition contains a scienter requirement (concerning items "known to represent" the gangs identified), which limits its application.  *See Evans*, 883 F.3d at 1161; *see also United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008).

The same can be said of Special Condition No. 13, which provides that Soda must not "display any known gang signs or gestures."  Inclusion of an express scienter requirement forecloses Soda's argument.

Special Condition No. 11 provides that Soda must not "knowingly loiter or be present in locations known to be areas where gang members congregate, unless given permission by the probation officer."  Under our precedents, that language is not "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application."  *Evans*, 883 F.3d at 1160 (quoting *United*

4

*States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004)); *see also Soltero*, 510 F.3d at 865–66 (upholding similar condition that defendant "not be present in any area known as a criminal street gang gathering of the Delhi").  Additionally, like Special Conditions Nos. 12 and 13, this condition contains an express scienter requirement.  Therefore, this condition is not fatally overbroad or vague.

3.　　Special Condition No. 14 bars Soda's association with categories of known criminal street gang members as well as any other "known participant in a criminal street gang."  In *Johnson*, we struck down a phrase similar to "known participant in a criminal street gang"—namely, the phrase "persons who associate with [a particular] gang"—as vague and overbroad because the condition was not appropriately tailored to achieve the goals of supervised release.  626 F.3d at 1091.  Although "[t]here may be persons who, although they are involved in a gang's criminal activities, are not 'members' of the gang in a formal sense, and the district court may permissibly forbid [a defendant] from associating with such persons," this phrase of the condition as written is overly broad and impermissibly vague.  *Id.*  Therefore, we vacate the phrase "or known participant in a criminal street gang" from Special Condition No. 14 and remand to the district court with instructions to (1) strike the phrase "or known participant in a criminal street gang" from the condition, and (2) craft a more appropriately narrow condition consistent with *Johnson*, if the district court deems it appropriate.

4. Finally, Soda claims that there was a conflict between the district court's oral pronouncement and the written judgment regarding five standard conditions of his supervised release. We review de novo any alleged conflict between the written judgment and oral judgment. *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). Nothing occurred at the hearing that would have alerted Soda to the possibility that his written judgment might include revised 2015 standard conditions of supervised release, and therefore we reject the Government's suggestion that we review for plain error. *Id.*

We find no conflict between the oral pronouncement and the written judgment. Instead, the written judgment clarified an ambiguity in the district court's oral pronouncement that Soda would be subject to the "same terms and conditions." *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998) (holding that an oral pronouncement is ambiguous if it is capable of two different constructions, "both of which are reasonable"). The precise wording of the standard conditions had changed between the original sentencing in 2015 and the revocation hearing in 2021 because the Sentencing Commission had amended the standard conditions of supervised release, in some cases because those conditions had been deemed unlawful. *See* U.S. Sent'g Guidelines Manual App. C Supp., Amend. 803 (U.S. Sent'g Comm'n); *see also Evans*, 883 F.3d at 1162. Accordingly, it is ambiguous what the district court intended when it used the

6

phrase "same terms and conditions."  Therefore, there is no conflict, and the written judgment, not the oral pronouncement, controls.  *See United States v. O'Brien*, 789 F.2d 1344, 1347–48 (9th Cir. 1986).

**AFFIRMED IN PART; VACATE the phrase "or known participant in a criminal street gang" from Special Condition No. 14, and REMAND to the district court with instructions to (1) strike the phrase "or known participant in a criminal street gang" from Special Condition No. 14, and (2) craft a more appropriately narrow condition consistent with *United States v. Johnson*, 626 F.3d 1085, 1090–91 (9th Cir. 2010), if the district court deems it appropriate.[2]**

---

[2] We DENY Soda's motion to strike (Dkt. No. 30) and the Government's motion to supplement the record (Dkt. No. 35) because none of the documents cited are necessary to resolution of this appeal.