# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2004

_____

United States of America

*Plaintiff - Appellee*

v.

Frank Dontrell Washington, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 12, 2018
Filed: June 27, 2018

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

This appeal raises, primarily, two issues of interpretation. Frank Washington argues that the district court erred in its interpretation of the Speedy Trial Act and crafted an unconstitutionally vague condition of supervised release. We agree with the latter challenge, but disagree with the former assertion. We also disagree with Washington's only other claim on appeal—that his sentence was substantively

unreasonable.  Thus, we affirm in part and remand narrowly for the district court to reconsider the challenged special condition.

## I.

The underlying facts are relatively straightforward.  Washington was arrested at his residence on June 9, 2016 on the basis of a complaint that alleged possession with intent to distribute marijuana.  See 21 U.S.C. § 841(a)(1).  Just over a month later—33 days to be precise—a grand jury charged Washington with possession with intent to distribute within 1000 feet of a school.  See id. §§ 841(b)(1)(D), 860(a).  Washington made his initial appearance on the indictment on October 3, 2016.  Shortly thereafter, he moved to dismiss the indictment because of Speedy Trial Act violations.  See 18 U.S.C. §§ 3161-3174.[1]  The district court denied that motion.  Washington then went to trial.  After three days of deliberation, the jury returned a guilty verdict.  At sentencing, Washington's advisory Sentencing Guidelines range was set at 21 to 27 months imprisonment.  The district court eventually sentenced him to 27 months imprisonment with four years of supervised release.  The term of supervised release included a special condition with respect to gang association and activity (Special Condition #3).

On appeal, Washington challenges the district court's ruling on his Speedy Trial Act claim, the substantive reasonableness of his sentence, and Special Condition #3.  We address each in turn.

## II.

The Speedy Trial Act was passed by Congress "to give effect to the [S]ixth [A]mendment right" to a speedy trial.  Betterman v. Montana, 136 S. Ct. 1609, 1616

---

[1]We refer sometimes to the Speedy Trial Act as the "Act."

(2016) (internal quotation marks omitted).  On appeal, Washington argues that the government violated the Act's direction that "no more than 30 days pass between arrest and indictment," id., given 33 days passed between his arrest and indictment. When the government runs afoul of this timeframe, the Act sanctions the government by stating:  "such charge . . . contained *in such complaint* shall be dismissed or otherwise dropped."  18 U.S.C. § 3162(a)(1) (emphasis added).  As noted above, the complaint and indictment in this case charged two different offenses.  Sensing the textual barrier to his desired remedy, dismissal of the indictment, Washington urges adoption of the so-called "gilding exception."  In theory, but not often in practice, this doctrine allows dismissal under the Act where "a [later] charge is one that merely annotates in more detail the same charge alleged in the [complaint]."  See United States v. Bailey, 111 F.3d 1229, 1236 (5th Cir. 1997).  The district court declined to apply the gilding exception, but noted that our circuit has yet to speak definitively on its validity.  We review the district court's legal conclusion de novo.  United States v. Herbst, 666 F.3d 504, 509 (8th Cir. 2012).

We find that there is no gilding exception to the Speedy Trial Act.  Our prior holdings—while not taking the gilding exception head on—seemingly foreclose its application to the Speedy Trial Act.  See, e.g, United States v. Miller, 23 F.3d 194, 199 (8th Cir. 1994) ("A defendant's arrest on one charge does not necessarily trigger the right to a speedy trial on another charge filed after his arrest.").  More importantly, those holdings are in line with the text of the statute.  Again, the Act only permits dismissal of "such charge . . . contained in such [earlier] complaint."  18 U.S.C. § 3162(a)(1).  Given the unambiguous wording of the statute, it should hardly come as a surprise that courts recently "have questioned [the gilding exception's] doctrinal validity" as applied to the Speedy Trial Act.  United States v. Trudeau, 812 F.3d 578, 587 (7th Cir.), cert. denied, 137 S. Ct. 566 (2016).  We decline to read a "gilding exception" into clear statutory language.  Cf. Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1726 (2017) ("[T]he proper role of the judiciary . . . [is] to apply, not amend, the work of the People's representatives.").

Washington believes this would provide a perverse incentive to the government. At oral argument, it was suggested that the government could wait "a day, a month, a year, two years and simply get around the Speedy Trial Act by adding a protected zone location." But, the solution to that hypothetical scenario is not to "do[] violence to the statutory language" in the Speedy Trial Act. Jennings v. Rodriguez, 138 S. Ct. 830, 848 (2018) (internal quotation marks omitted). Instead, protection may lie in the Sixth Amendment right to a speedy trial—a constitutional right distinct from the Act. United States v. Shepard, 462 F.3d 847, 863 (8th Cir. 2006) ("Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another." (internal quotation marks omitted)). Given that it was not briefed before us, we do not examine whether the Sixth Amendment was violated here.

Additionally, even if we were to recognize a gilding exception to the Speedy Trial Act, that would not lead to the dismissal of Washington's indictment. The majority of our sister circuits that have considered the question have agreed that a later-indicted charge which contains different elements than the charge in the initial complaint is not subject to dismissal under the gilding exception.[2] This is in line "with Supreme Court precedent analyzing multiple prosecutions." Bailey, 111 F.3d at 1236. Here, the indicted crime required an additional element—evidence that Washington was within 1000 feet of a school—beyond the original possession with intent to distribute charge in the complaint. The doctrine, as widely understood, does not offer support for Washington's claim.

His argument fares no better under a minority view of the gilding exception. This view, most prominently adopted by the Tenth Circuit, places emphasis on the

---

[2]United States v. Gaskin, 364 F.3d 438, 456 (2d Cir. 2004); United States v. Watkins, 339 F.3d 167, 176 (3d Cir. 2003); Bailey, 111 F.3d at 1237; United States v. Derose, 74 F.3d 1177, 1184 (11th Cir. 1996).

underlying factual allegations.  See United States v. Andrews, 790 F.2d 803, 809 (10th Cir. 1986) (dismissing superseding indictment because it "allege[d] no facts different" than previous charging instrument); see also United States v. Peppin, 365 F. Supp. 2d 261, 269 (N.D.N.Y. 2005) (finding that gilding exception may apply even when "new charges contain additional elements").[3]  Even under this view, the allegations of how far Washington was from a school in the indictment constituted new facts not included in the initial complaint.

In sum, we do not adopt a "gilding exception" to the Speedy Trial Act and—even if we did—it would not warrant dismissal of Washington's claim.

III.

Next, Washington challenges the substantive reasonableness of his sentence. He argues that the district court erred by not varying downward from his Guidelines range because  "(1) of the impact of the protected location enhancement . . . ;(2) of the small quantity of marijuana at issue; and (3) the legalization of marijuana by several states."  We review for abuse of discretion, which "occurs when a district court (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  United States v. Marshall, 2018 WL 2465485, at *2 (8th Cir. June 4, 2018) (per curiam) (internal quotation marks omitted).  A "[s]entence[] within the [G]uideline range," however,  "[is] presumed to be substantively reasonable."  United States v. Meadows, 866 F.3d 913, 920 (8th Cir. 2017) (internal quotation marks omitted).  And it is a "defendant's burden to rebut the presumption and to show

---

[3]Peppin is squarely at odds with the Second Circuit's holding in Gaskin "that pleadings that add elements to the government's burden of proof beyond those required for the lesser included charges in a complaint do more than gild the original charges." 364 F.3d at 456.

that the sentence should have been lower." United States v. Funke, 846 F.3d 998, 1000 (8th Cir. 2017) (internal quotation marks omitted).

Washington has offered no evidence to rebut our presumption. The district court carefully considered the 18 U.S.C. § 3553(a) factors—and Washington's arguments—but in the end found a Guidelines sentence was necessary because Washington "is at extremely high risk to recidivate" in addition to a number of other factors, including his "gang membership" and "lack of respect for authority, specifically the police." Put another way, the district court balanced, and weighed, the § 3553(a) factors in a manner different than Washington would have liked. We, however, grant district courts "wide latitude to weigh the § 3553(a) in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Ritchison, 887 F.3d 365, 370 (8th Cir. 2018) (internal quotation marks omitted). Given this, the district court did not abuse its discretion in sentencing within the Guidelines.

IV.

Finally, Washington argues that Special Condition #3 of his supervised release, which deals with gang association, is unconstitutionally vague. In full, the condition states:

> The defendant must not knowingly associate with any member, prospect, or associate member of any gang without the prior approval of the United States Probation Office. If the defendant is found to be in the company of such individuals while wearing the clothing, colors, or insignia of a gang, the Court will presume that this association was for the purpose of participating in gang activities.

While a district court has "broad discretion" to impose special conditions, when a defendant challenges a special condition on constitutional grounds, as in this case, we review de novo. United States v. Kelly, 625 F.3d 516, 520 (8th Cir. 2010).

We agree with Washington that the special condition at issue here is unconstitutionally vague for three reasons. *First*, the term gang is undefined such that it gives no notice as to which groups of people are actually covered. "Gang" is not defined in any relevant statute. Cf. United States v. Green, 618 F.3d 120, 123 (2d Cir. 2010) (per curiam) ("The term 'criminal street gang' is cabined by a clear statutory definition that would permit Green to comply with the condition and permit officers to consistently enforce the condition."). And the term is not delineated by common use. Black's Law Dictionary defines "gang" as a "group of persons who go about together or act in concert, esp. for antisocial or criminal purposes." Gang, Black's Law Dictionary (10th ed. 2014). Thus, gangs are not necessarily tied to criminal activity. See LoFranco v. U.S. Parole Comm'n, 986 F. Supp. 796, 810 (S.D.N.Y. 1997) (finding term "other motorcycle gangs" unconstitutionally vague because it ensnares legitimate "motorcycle groups" that count individuals like "Arnold Schwarzenegger" as members), aff'd, 175 F.3d 1008 (2d Cir. 1999). The lack of statutory definition and its wide-ranging use mean that the term "gang" fails to "convey[] sufficiently definite warning as to the proscribed conduct" the district court wants Washington to avoid "when measured by common understanding and practices." Jordan v. De George, 341 U.S. 223, 231-32 (1951).

*Second*, the term "associate member" also lacks specific meaning. If it were used to mean a "member" of a gang, a term already used by the Condition, "associate member" would be repetitive. And it is a canon of reading legal texts that no word "should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (West 2012). The other possible reading of the term is that "associate member" means somebody who associates with actual

gang members. This reading suffers from the same vagueness problems we discussed above with respect to the usage of "gang." Such a reading "could even preclude [Washington] from meeting with his probation officer" because it encompasses "those who may have only a social connection to an individual gang member." United States v. Johnson, 626 F.3d 1085, 1091 (9th Cir. 2010).

*Third,* any sort of *mens rea* requirement that is imposed by the first sentence of the condition—that the "defendant must not knowingly associate [with gang members]"—vanishes if Washington is found in the "company" of gang members while wearing "clothing, colors, or insignia" of a gang. In that case, the condition states that "the Court will presume that this association was for purpose of participating in gang activities." This presumption runs smack against the Supreme Court's admonition that "association" should not be read to include "incidental contacts." Arciniega v. Freeman, 404 U.S. 4, 4 (1971) (per curiam).

We vacate Special Condition #3 and remand to the district court to address the constitutional deficiencies we have noted. On remand, if a refashioned condition is imposed, the district court should make explicit the *mens rea* necessary for a violation. Cf. Staples v. United States, 511 U.S. 600, 606 (1994) (noting "offenses that require no *mens rea* generally are disfavored").

V.

For the foregoing reasons, we affirm in part and remand narrowly for re-sentencing consistent with this opinion.

_____