19-549-cr
*United States v. Marshall*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty.

PRESENT:
            ROBERT A. KATZMANN,
                    *Chief Judge*,
            JOSEPH F. BIANCO,
                    *Circuit Judge*,
            VICTOR A. BOLDEN,
                    *District Judge*.[*]

---

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                     19-549-cr

TYRONE D. MARSHALL,

                    *Defendant-Appellant*.

---

[*] Victor A. Bolden, United States District Judge for the District of Connecticut, sitting by designation.

For Defendant-Appellant:     James P. Egan, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

For Appellee:     Michael S. Barnett, Paul D. Silver, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment entered December 13, 2018 in the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Tyrone D. Marshall appeals his sentence insofar as it imposed upon him a special condition of supervised release that prohibits contact with criminal gang members. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Marshall was indicted on one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and several counts of distributing cocaine, heroin, and fentanyl, in violation of 21 U.S.C. § 841(a)(1). The parties reached an agreement whereby Marshall would plead guilty to the conspiracy count in exchange for dismissal of the remaining counts and a recommended sentence of 92 months' imprisonment and six years of supervised release. The district court ultimately imposed the agreed-upon sentence. The court also imposed several conditions of supervised release recommended by the Pre-Sentence Report ("PSR"), including one directing Marshall not to "associate with any member, associate or prospect of any criminal gang, club or organization." App'x 73, 80.

2

Marshall's principal contention on appeal is that this condition is impermissibly vague.[1] We disagree. In reviewing the imposition of a condition of supervised release, "we review for plain error where, as here, the defendant had advance notice of the challenged condition and failed to object during sentencing." *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (per curiam); *United States v. Dupes*, 513 F.3d 338, 343 n.2 (2d Cir. 2008) (explaining that a PSR recommendation offers adequate advance notice of a condition to warrant plain error review if the defendant fails to object).[2] "To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Bleau*, 930 F.3d at 39.

"Due process requires that the conditions of supervised release be sufficiently clear to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam). "A condition of supervised release is unconstitutional if it is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. MacMillen*, 544 F.3d 71, 76 (2d Cir. 2008). However, conditions need not be clear beyond any possible dispute; "[t]hey may provide the defendant sufficient notice of what conduct is prohibited even if they are not precise to the point of pedantry." *Id.*

---

[1] Although judgment was entered on December 13, 2018, Marshall did not file a notice of appeal until February 26, 2019. The time limits imposed by Federal Rule of Appellate Procedure 4(b) are not jurisdictional, however, *see United States v. Frias*, 521 F.3d 229, 233 (2d Cir. 2008), and the government has expressly waived any timeliness objection.

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, citations, and footnotes.

We conclude that a person of ordinary intelligence would understand what is meant by "criminal gang, club or organization." In *Green*, we rejected a vagueness challenge against a condition that prohibited association with members of any "criminal street gang." 618 F.3d at 123. In doing so, we noted that the term "is cabined by a clear statutory definition that would permit Green to comply with the condition and permit officers to consistently enforce the condition." *Id.*; *see also* 18 U.S.C. § 521(a) (defining "criminal street gang"). Marshall correctly notes that there is no analogous statutory definition of "criminal gang." However, we have never held that a term is impermissibly vague simply because it lacks a statutory definition. *Cf. United States v. Soltero*, 510 F.3d 858, 866 n.8 (9th Cir. 2007) (per curiam) (noting statutory definition of "criminal street gang," but finding it not "crucial" to holding that term was not unconstitutionally vague). Here, the only reasonable understanding of the challenged condition is that it prohibits association with groups engaged in regular criminal activity.[3] *Cf. United States v. Washington*, 893 F.3d 1076, 1081 (8th Cir. 2018) (concluding that prohibition on associating with "any gang" was unconstitutionally vague, in part because "gangs are not necessarily tied to criminal activity"). Although he claims the condition is vague, Marshall has not suggested any alternative interpretation. And even if he had identified some arguable ambiguity, any alleged error was at least not plain.

We further reject Marshall's argument that it is unclear whether the use of the adjective "criminal" in the condition applies only to "gang" or to the entire list. Typically, "a modifier at the beginning . . . of a series of terms modifies all the terms." *United States v. Lockhart*, 749 F.3d

---

[3] Although the condition at issue does not specify any particular *mens rea*, we assume, as we did in *Green*, that the condition complies with "constitutionally required limitations on the breadth of 'association,' including that the prohibition only limits association with gang members *known* to the probationer, and excludes incidental contacts." 618 F.3d at 123.

148, 152 (2d Cir. 2014), *aff'd*, 136 S. Ct. 958 (2016). Moreover, as a matter of common sense, it is implausible that the district court intended to forbid Marshall from associating with any member of *any* club or organization.

Finally, we reject Marshall's contention that the condition was not reasonably necessary. Marshall admitted to past membership in the "Sex Money Murder Gang" during an April 2017 interview with the FBI. Although Marshall subsequently denied gang membership, "[a] condition barring contact with an organization may be substantively reasonable even if the defendant denies membership." *United States v. Evans*, 883 F.3d 1154, 1161 (9th Cir. 2018). We cannot say that the condition is so clearly unnecessary that its imposition was plain error.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk