# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2560

_____

United States of America

*Plaintiff - Appellee*

v.

Tobias Ritesman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: April 16, 2020
Filed: August 25, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Tobias Ritesman, who pleaded guilty to mail and wire fraud, to 108 months in prison. *See* 18 U.S.C. § 1341 (mail fraud); *id.* § 1343 (wire fraud). He challenges an enhancement he received for "abus[ing] a position

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

of public or private trust," U.S.S.G. § 3B1.3, and the overall reasonableness of the sentence. We affirm.

A few years ago, Ritesman and his partner hatched a plan to build a commercial fish farm and aquaponics facility in South Dakota. They raised money from prospective investors by telling a series of lies on topics ranging from whether one of them attended business school to their ability to complete the project. The lies continued even after Ritesman was left "entirely in charge." In the end, investors were bilked out of over one million dollars, a portion of which he converted for his own personal use.

Ritesman argues that he did not hold "a position of public or private trust." U.S.S.G. § 3B1.3. On these facts, this argument is a stretch. Officers and directors hold a position of trust, both to the company and its investors. *See United States v. Reichel*, 911 F.3d 910, 918 (8th Cir. 2018) (concluding that a CEO and president held a position of trust); *United States v. Walker*, 818 F.3d 416, 423 (8th Cir. 2016) (same). And here, as the project's leader, he exercised significant "professional or managerial discretion" with limited supervision. U.S.S.G. § 3B1.3, cmt. n.1. The district court did not err, much less clearly err, in finding that the enhancement applied. *See Walker*, 818 F.3d at 423.

We also conclude that Ritesman's sentence was substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the substantive reasonableness of a sentence for an abuse of discretion). In imposing a bottom-of-the-Guidelines-range sentence, the district court considered a host of factors. *See* 18 U.S.C. § 3553(a); *United States v. Washington*, 893 F.3d 1076, 1080–81 (8th Cir. 2018) (explaining that a sentence within the Guidelines range is presumptively reasonable). The fact that he wished the court would have emphasized the mitigating circumstances he presented over other considerations is not a reason to reverse. *See United States v. Nguyen*, 829 F.3d 907, 925–26 (8th Cir. 2016) (acknowledging the "wide latitude" that district courts have to weigh the

statutory sentencing factors).  Nor is his sentence unreasonable simply because another, allegedly more culpable defendant received the same sentence for fraud. *See United States v. Keys*, 918 F.3d 982, 989 (8th Cir. 2019).

We accordingly affirm the judgment of the district court.

_____