# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3687
_____

United States of America

*Plaintiff - Appellee*

v.

Lennie Dwayne Brooks

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 21, 2020
Filed: January 19, 2021
[Unpublished]
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Lennie Brooks pleaded guilty to three counts of robbery. *See* 18 U.S.C. §§ 2, 1951. After granting a downward departure, the district court[1] sentenced him to 365

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

months in prison, at the top of the recommended post-departure Guidelines range of 292 to 365 months. Although he argues that his sentence is unreasonably long, we affirm.

We conclude that the sentence was substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the substantive reasonableness of a sentence for an abuse of discretion); *see also United States v. Washington*, 893 F.3d 1076, 1080 (8th Cir. 2018) (explaining that a sentence within the Guidelines range is presumptively reasonable). The district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), including the fact that a 63-year-old man had a heart attack during one of the robberies and died, *see id.* § 3553(a)(1), (2)(A) (stating that the district court "shall consider . . . the nature and circumstances" and "seriousness of the offense").

To be sure, Brooks presented several mitigating circumstances, pointing specifically to his difficult childhood and eventual decision to cooperate and take responsibility for his crimes. But there is no reason to believe that the district court did not consider them, particularly after they were addressed at length in the sentencing memoranda and at the hearing. *See United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012) (presuming that district courts consider the mitigating factors discussed in the filings and at the hearing). In the end, his argument really comes down to a disagreement with how much weight it placed on these factors, which "alone does not justify reversal." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam); *see also United States v. Nguyen*, 829 F.3d 907, 926 (8th Cir. 2016) (acknowledging the "wide latitude" that district courts have to weigh the statutory sentencing factors).

We accordingly affirm the judgment of the district court.

_____