# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3456
_____

United States of America

*Plaintiff - Appellee*

v.

William Carr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 18, 2021
Filed: November 30, 2021
[Unpublished]

_____

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

William Carr received a 40-month prison sentence after he pleaded guilty to illegally possessing a firearm. *See* 18 U.S.C. §§ 922(g)(3), 924(a)(2). Although he challenges the sentence on both procedural and substantive grounds, we affirm.

We conclude that there was no procedural error, plain or otherwise. *See United States v. Becerra*, 958 F.3d 725, 731 (8th Cir. 2020) (reviewing a sentencing challenge raised for the first time on appeal for plain error). The district court[1] considered each of the mitigating circumstances he presented, including his "mental and emotional health," and simply decided that they did not justify a lower sentence. *See id.*; *United States v. Kay*, 717 F.3d 659, 663 (8th Cir. 2013).

Moreover, the sentence itself was substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the substantive reasonableness of a sentence for an abuse of discretion); *see also United States v. Washington*, 893 F.3d 1076, 1080–81 (8th Cir. 2018) (explaining that a sentence within the advisory range is presumptively reasonable). The district court sufficiently considered the statutory sentencing factors, including Carr's dangerous behavior while trying to evade the police, and did not rely on an improper factor or commit a clear error of judgment. *See* 18 U.S.C. § 3553(a); *United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). In the end, his argument really comes down to a disagreement with how the district court weighed various factors, which "alone does not justify reversal." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010); *see also United States v. Nguyen*, 829 F.3d 907, 925–26 (8th Cir. 2016) (acknowledging the "wide latitude" that district courts have to weigh the statutory sentencing factors).

We accordingly affirm the judgment of the district court.

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.