# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-2709
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Robinson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 8, 2024
Filed: May 30, 2024
[Unpublished]
_____

Before LOKEN, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

After an argument with his girlfriend, Ronald Robinson ran off with her gun. When he returned about an hour later, police arrested him. Robinson pleaded guilty to possessing a gun as a convicted felon, 18 U.S.C. § 922(g)(1), and the district

court[1] sentenced him to 71 months in prison—the top of his Guidelines range. Robinson appeals, arguing that his sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion if it ignores "a relevant factor that should have received significant weight," "gives significant weight to an improper or irrelevant factor," or commits a clear error of judgment in weighing the appropriate factors. United States v. Washington, 893 F.3d 1076, 1080 (8th Cir. 2018). Because Robinson's sentence is within the Guidelines range, we presume it is reasonable. Id.

Robinson does not rebut this presumption. The district court carefully considered the 18 U.S.C. § 3553(a) factors, and it reasonably concluded that 71 months in prison was appropriate based on Robinson's criminal history and long list of prison conduct violations. See § 3553(a)(1). Robinson argues that the court gave too much weight to these factors and too little to a plethora of mitigating facts: he gave the gun back soon after taking it; he experienced significant childhood trauma like the murder of his brother, family violence, and exposure to lead; he spent 18 years in prison starting when he was a teenager; and he struggles with mental illness. But this argument "amounts to nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors in fashioning his sentence." United States v. Brown, 992 F.3d 665, 673 (8th Cir. 2021). That is not enough to show that it is substantively unreasonable. Id.; see also Washington, 893 F.3d at 1080–81 (courts have "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence" (citation omitted)).

We affirm Robinson's sentence.

_____

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.