# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1214
_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Richard Holt, also known as Monster

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 13, 2025
Filed: February 27, 2025
[Unpublished]
_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Bryan Richard Holt pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The district court[1] sentenced Holt to an imprisonment term of 228 months, followed

_____

[1]The Honorable Rebecca G. Ebinger, United States District Judge for the Southern District of Iowa.

by 7 years of supervised release.  On appeal, Holt challenges the substantive reasonableness of his sentence.

Between January and April 2023, a confidential informant ("CI") made four controlled purchases from Holt, buying methamphetamine three times and cocaine once.  Each time, Holt served as the middleman between the CI and co-defendant Michael Tittle, his source of supply.  Holt supplied a total of 883 grams of methamphetamine and 19 grams of cocaine to the CI.  Tittle was subsequently arrested and admitted selling drugs to Holt.

In June 2023, Holt was indicted on four drug-related charges: conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One); distribution of 50 grams or more of methamphetamine, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Counts Two and Four); and distribution of 50 grams or more of methamphetamine and a mixture or substance containing a detectable amount of cocaine, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C) (Count Three).  Holt pled guilty to conspiracy to distribute methamphetamine.  The United States Probation Office prepared a presentence investigation report ("PSIR") that calculated Holt's total offense level at 34 and his criminal history category at VI.  Holt was a career offender with a lengthy criminal history that included convictions for assault, causing willful injury, and harassment.

At sentencing, the district court adopted the PSIR and determined Holt's advisory Sentencing Guidelines range was 262 to 327 months.  Holt requested a downward variance based on his need for substance abuse treatment and national statistics showing similarly situated defendants received a 188-month sentence on average.  The district court acknowledged these arguments as well as Holt's mitigating evidence of a difficult childhood and mental health issues.  It imposed a below-Guidelines sentence of 228 months' imprisonment, noting Holt's violent behavior had increased over time and he posed a danger to the public.  Holt now challenges the reasonableness of his sentence.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Washington, 893 F.3d 1076, 1080 (8th Cir. 2018). A district court abuses its discretion if it: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in weighing the appropriate factors. United States v. Ali, 799 F.3d 1008, 1033 (8th Cir. 2015). When a district court imposes a below-Guidelines sentence, it is "nearly inconceivable" that it abused its discretion by not varying further downward. United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009).

The record establishes the district court considered Holt's rehabilitation needs, and the average sentence imposed for similarly situated defendants. A sentencing court has wide latitude to assign certain sentencing factors more weight than others. See United States v. Isler, 983 F.3d 335, 344 (8th Cir. 2020). Here, the court chose to assign greater weight to Holt's criminal history and the need to protect the public from further crimes. To establish substantive unreasonableness, Holt "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam). Holt's disagreement with the sentence imposed does not warrant reversal.

The district court's judgment is affirmed.

_____