*United States v. Acosta*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges*,
> CHRISTINA REISS,
> > *Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                         No. 24-965

RAUL ACOSTA,

---

* Chief Judge Christina C. Reiss, of the United States District Court for the District of Vermont, sitting by designation.

*Defendant-Appellant*.†

---

**For Defendant-Appellant:**     Matthew B. Larsen, Federal Defenders of New York, New York, NY.

**For Appellee:**     Thomas Burnett, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 2, 2024 judgment of the district court is **AFFIRMED**.

Raul Acosta appeals from a judgment of conviction following his guilty plea to one count of unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

† The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

## I. Constitutionality of Section 922(g)(1)

Acosta first argues that in light of the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), section 922(g)(1) should be held unconstitutional as applied to his conduct. But the parties both agree that Acosta never raised this argument below, so our review is confined to whether the district court plainly erred in failing to *sua sponte* vacate his conviction. As we have explained, "for an error to be plain, it must, at a minimum, be clear under current law, which means that we typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (alterations accepted and internal quotation marks omitted).

We previously upheld the constitutionality of section 922(g)(1) against a facial challenge in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013). More recently, we confirmed that our holding in *Bogle* remains good law after *Bruen*. *See Zherka v. Bondi*, No. 22-1108, 2025 WL 1618440, at *5 (2d Cir. June 9, 2025). We also observed that "before, during, and shortly after the Founding, legislative bodies regulated firearms by prohibiting their possession by categories of persons perceived to be dangerous," which were considered lawful regulations. *Id.* at *16.

3

This history persisted after the adoption of the Fourteenth Amendment. *See id.* Accordingly, we held that Congress has "a legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous," including felons like Acosta. *Id.* at *18.

Acosta nevertheless argues that his conviction is unconstitutional because there was no practice or "'long, unbroken line of common-law precedent' . . . of imposing lifetime bans on gun possession as punishment for either of Acosta's felonies," which included slashing an individual with a knife and creating a makeshift weapon while in prison. Acosta Br. at 9 (quoting *Bruen*, 597 U.S. at 35). But the Supreme Court has made clear that we need not find "a dead ringer or a . . . twin" in the historical record. *United States v. Rahimi*, 602 U.S. 680, 692 (2024) (internal quotation marks omitted). Likewise, we recently explained that "any effort by the courts to craft a line that would separate some felons from others is fraught with peril" and thus declined to "unilaterally narrow the category of offenses that Congress has subjected to the prohibition" of section 922(g)(1). *Zherka*, 2025 WL 1618440, at *21.

For all these reasons, we cannot say that the district court erred, let alone plainly erred, in failing to *sua sponte* vacate Acosta's conviction.

## II.    Supervised Release Condition

Acosta also challenges the special condition of supervised release that prohibits him from "associat[ing] or interact[ing] in any way, including through social media websites, with any gang members or associates, particularly members and associates of the Trinitarios gang."[1]   App'x at 75.   Acosta principally argues that this condition is impermissibly vague and thus fails to put him on adequate notice of what conduct is prohibited.

Under our long-standing case law, "[a] district court retains wide latitude in imposing conditions of supervised release." *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008).   Nevertheless, "[d]ue process requires that conditions of supervised release be sufficiently clear to inform [the defendant] of what conduct will result in his being returned to prison." *Id.* at 76 (internal quotation marks omitted).    As a result, "[a] condition of supervised release is unconstitutional if it is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* (internal quotation marks omitted).    At the same time, we have made clear that due process does not require

---

[1] In his opening brief, Acosta also challenged the special condition that prohibited him from "frequent[ing] neighborhoods (or 'turf') known to be controlled by the Trinitarios gang or any of its subsets."   App'x at 75.   However, he subsequently withdrew this challenge in his reply brief, so we do not address it here.

district courts to cast "conditions of supervised release . . . in letters six feet high, or describe every possible permutation, or spell out every last, self-evident detail." *Id.* (alterations accepted and internal quotation marks omitted).

We ordinarily review challenges to conditions of supervised release for abuse of discretion. *See United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019). However, when a defendant is on notice that a condition of supervised release will be imposed and fails to object, we review the defendant's arguments on appeal for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008); *see also United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (explaining that plain-error review applies because if the defendant had objected below, the district court could have clarified any potential ambiguity). Acosta, for his part, argues that "the plain error doctrine should not be applied stringently" here because this appeal arises in the sentencing context. Acosta Br. at 15 (quoting *United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015)). But we recently rejected a similar argument where the defendant was on notice that a supervised release condition would be imposed because it was included in the presentence report, even though the defendant declined to have the district court read the condition aloud at sentencing. *See United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025). Here, the

condition that Acosta challenges was both included in the presentence report and read aloud at sentencing. Accordingly, Acosta's challenge is governed by traditional plain-error review.

To establish plain error, a defendant must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (internal quotation marks omitted). The defendant bears the burden of establishing each of these elements. *See United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020). We have warned that "reversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted).

Applying that standard here, we conclude that Acosta has failed to carry his heavy burden in establishing that the district court committed a clear or obvious error in the imposition of the gang-affiliation condition. We have previously upheld a special condition of supervised release that prohibited association with a "criminal street gang." *United States v. Green*, 618 F.3d 120, 123 (2d Cir. 2010).

7

We even noted that the special condition in *Green*, like the one imposed here, "used an example of a particular gang the probationer was to avoid." *Id.* And despite the lack of a *mens rea* requirement in that condition, we assumed that "the prohibition only limit[ed] association with gang members *known to* the probationer, and exclude[d] incidental contacts." *Id.* (internal quotation marks omitted).

Acosta makes much of the fact that "criminal street gang" is a statutorily defined term under 18 U.S.C. § 521(a), whereas the term used by the district court here – "gang" – is not. But "we have never held that a term is impermissibly vague simply because it lacks a statutory definition." *United States v. Marshall*, 808 F. App'x 11, 12–13 (2d Cir. 2020) (upholding a supervised release condition "not to associate with any member, associate[,] or prospect of any criminal gang, club[,] or organization" (internal quotation marks omitted)). Indeed, we have upheld a special condition of supervised release that simply prohibited associating with "any individual with an affiliation to any . . . gangs." *United States v. Rakhmatov*, No. 21-151, 2022 WL 16984536, at *3 & n.1 (2d Cir. Nov. 17, 2022) (internal quotation marks omitted). As noted above, "[w]e typically will not find [plain] error where the operative legal question is unsettled, including where there

8

is no binding precedent from the Supreme Court or this Court."[2]  *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted).   Given the lack of such binding precedent here, we conclude that the district court did not plainly err in imposing the gang-association condition.

\*        \*        \*

We have considered Acosta's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Acosta points to a Southern District of New York case, *LoFranco v. U.S. Parole Comm'n*, 986 F. Supp. 796, 809–11 (S.D.N.Y. 1997), and an Eighth Circuit case, *United States v. Washington*, 893 F.3d 1076, 1081–82 (8th Cir. 2018), in which each court concluded that the associational restrictions imposed as conditions of supervised release were unconstitutionally vague.   But even assuming that those cases are directly on point, neither can suffice to create a clearly established precedent in *this* Circuit.